## Franklin Guards Association *v.* Boyer.

*Municipal liens—Time when lien attaches—Filing of claim—Act of June 4, 1901, P. L. 364.*

A municipal lien for lighting rates, water rents, taxes and the like attaches under the Act of June 4, 1901, P. L. 364, at the time when the rates are lawfully assessed or imposed, and if the formal declaration of the claim in detail is filed within the statutory period, the lien will be preserved and relate back to the time when the rate or tax was lawfully imposed.

*Constitutional law—Local and special legislation — Municipal Act of June 4, 1901, P. L. 364.*

The provision of the Act of June 4, 1901, P. L. 364, authorizing a lien for the municipal lighting rates is constitutional and does not offend against Sec. 7, of Art. III, which prohibits the enactment of any local or special law authorizing the creation of liens, etc.

Argued Oct. 22, 1917.   Appeal, No. 22, Oct. T., 1917, by Bruce Henderson et al., from order of C. P. Franklin Co., Oct. T., 1916, No. 244, overruling exceptions to

264 FRANKLIN GUARDS ASSOCIATION *v.* BOYER.

sheriff's schedule of distribution in case of Franklin Guards Association to use v. Charles W. Boyer. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to sheriff's schedule of distribution. Before GILLAN, P. J.

The case turned on the construction and constitutionality of the Act of June 4, 1901, P. L. 364, so far as the act related to liens for municipal lighting. The facts are stated in the opinion of the Superior Court.

*Error assigned* was in overruling exceptions to schedule of distribution.

*John W. Hoke,* with him *D. Edward Long,* for appellants.—Every attempt to enlarge or extend mechanics' liens since the adoption of the Constitution has been declared invalid: Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382; Henry Taylor Lumber Co. v. Carnegie Inst. 225 Pa. 486; Page v. Carr, 232 Pa. 371; Sax. v. School Dist., 237 Pa. 68.

Special legislation for municipalities is constitutional only when it refers to some subject exclusively within municipal control: City of Scranton v. Whyte, 148 Pa. 419; Safe Deposit Co. v. Fricke, 152 Pa. 231; Van Loon v. Engle, 171 Pa. 157; Roumfort Co. v. Delaney, 230 Pa. 374; South Fork Boro. v. Penna. R. R. Co., 251 Pa. 261; Shenk v. McKennan, 11 Pa. Superior Ct. 84; Philadelphia to use v. DeArmond, 63 Pa. Superior Ct. 436.

The whole question for the purposes of this case resolves itself into this, when a borough manufactures and sells electricity to individual consumers for commercial and other purposes, is it acting as a municipality as distinguished from all other persons and corporations, or is it acting as one of another class, namely, the class of manufacturers? The answer to this question is inevitable and is borne out by a long line of decisions in both

the Supreme and Superior Courts of this State. Among these decisions we cite the following: Wheeler v. Philadelphia, 77 Pa. 338; Bailey v. Philadelphia, 184 Pa. 594; Safe Deposit Co. v. Fricke, 152 Pa. 231; Bower v. United Gas Imp. Co., 37 Pa. Superior Ct. 113; Kohler v. Reitz, 46 Pa. Superior Ct. 350.

*Charles Walter,* Borough Solicitor, with him *Arthur W. Gillan,* for appellee.

OPINION BY HEAD, J., July 10, 1918:

The facts out of which this contention arises are few and simple and practically agreed upon. The learned court below confirmed a schedule of distribution of a fund created by the judicial sale of a property in the Borough of Chambersburg. That borough has long owned and operated an electric lighting plant, built from the public funds, used primarily for the lighting of the streets, alleys, public buildings, etc., of the borough and the surplus current has been supplied to private consumers for commercial or domestic purposes. When the original plant was considerably enlarged some years ago it became necessary to increase the funded debt of the borough to raise the money required for the purpose of extension of the plant. The litigation that arose to prevent that movement was disposed of in Linn v. Chambersburg Borough, 160 Pa. 511.

The Franklin Guards Association, which we assume, from its name, was a local military association, was the owner of a considerable property in the borough, part of which was used for their own purposes and part of which was leased to some person or corporation to be used for theatrical amusement. The borough furnished electric light to the building and imposed the usual rates or charges. They had been allowed to become in arrears in the months of December, 1913, and January, 1914, and the current was shut off. During the summer of 1914 the property was conveyed to Boyer who executed and

delivered a bond for $20,000 of the purchase-money which was secured by a mortgage.  Default having been made in the payment of one of the installments, a writ of fi. fa. was issued on the judgment entered upon the bond and the property was sold at sheriff's sale producing the fund for distribution.  On the day of the sale the borough filed the formal written evidence of its claim for the lighting rates and demanded its payment out of the fund. It was allowed by the sheriff whose schedule of distribution was confirmed by the court and this resulted in some diminution of the sum of money that would otherwise have been awarded to the appellants as assignees of a portion of the mortgage debt.

Two legal propositions are urged as a reason for the reversal of the order made by the learned court below. (1) That even under the statute the municipal claim for lighting rates did not become a lien upon the property charged until the day of the actual filing of the formal instrument of writing which placed that claim upon the record in the manner provided by the statute.  We are of opinion this contention is perfectly answered by the terms of the Act of 4th of June, 1901, P. L. 364.  Section three of that act provides: "All municipal claims which may hereafter be lawfully imposed or assessed on any property in this Commonwealth,......shall be and they are hereby declared to be a lien on said property,...... and said liens shall have priority to, and be fully paid and satisfied out of the proceeds of any judicial sale of said property, etc."  By the same statute and its supplements a time limit was fixed within which the municipality was required to file of record a formal statement of its claim.  Otherwise it would lose the lien which the statute attached to all municipal claims imposed or assessed on any property.  This formal instrument was prepared and filed well within the time limited by the statute and just before the sheriff's sale.  We are satisfied it was the clear intent of the legislature that the legal incident of lien was to attach to municipal claims

for taxes, water rents, lighting rates and the like, and if, within the time limited, there should be filed of record the formal statutory declaration of this claim in detail, the lien would be preserved and relate back to the time when the rates were lawfully assessed or imposed.

(2) It is further urged upon us that this important statute, at least in so far as it authorizes a lien for municipal lighting rates, is unconstitutional in that it offends against Section 7 of Article III, which prohibits the enactment of any local or special law authorizing the creation, etc., of liens, etc. We do not deem it necessary, in disposing of this case, to again discuss a question which has been so thoroughly considered by the courts of the Commonwealth. We think it sufficient to say we are unable to perceive in this statute any foundation, either in form or in substance, for the conclusion it is either local or special within the meaning of the constitutional provision. Its scope and terms include, generally speaking, every municipality in the Commonwealth. It is comprehensive of many requirements of those sub-agencies of the State apparently necessary to enable the people to carry into effect their desire for local self-government. It repeals in terms scores of older acts, general or special, and carries the legislative declaration of the broad intent that prompted its enactment. It was the subject of careful consideration by the Supreme Court in Haspel v. O'Brien, 218 Pa. 146. The learned judge below gave both of these questions careful consideration and we are satisfied with the correctness of the conclusion he reached. The assignments of error are overruled.

The order confirming the sheriff's schedule of distribution is affirmed and the appeal dismissed at the costs of the appellants.