# Finn, Appellant, *v.* Mellon.

*Taxation—Tax liens—Seated lands—Statutes—Repeal—Acts of April 29, 1844, Sec. 41, P. L. 501; June 4, 1901, P. L. 364, and May 21, 1913, P. L. 285.*

The Act of May 21, 1913, P. L. 285, relating to the "return of taxes on seated lands, and providing for the sale of such lands," repeals so much of the Act of June 4, 1901, P. L. 364, as in any way related to the procedure for the collection of the claims for

taxes; and this included the filing of a claim for taxes in the prothonotary's office. The Act of May 28, 1915, P. L. 599, did not recognize the right of a municipality to file a claim for taxes in the prothonotary's office, as the act did not in any manner, reënact any of the provisions of the Act of 1901, that were repealed by the Act of 1913.

The Act of June 1, 1915, P. L. 660, amending the Act of May 21, 1913, P. L. 285, did not undertake to declare that claims may be filed, nor the effect of such filing, but merely stated that where such claims for taxes have been filed against separate or distinct properties in one amount covering all the properties, the authorities may accept the tax according to the tax rate and assessed valuation, against any of the pieces of property and thus discharge the lien against such property.

There is nothing in all the acts to support the view that the legislature intended authority be given county treasurers to sell land for taxes, and for the same taxes like authority be given to the sheriff; or that when one procedure was adopted for such sale, it preserved the procedure of the other act.

If there is no remedy provided for the enforcement of a lien, the lien is worthless.

Argued April 16, 1918. Appeal, No. 72, April T., 1918, by plaintiff, from order of C. P. Beaver Co., March T., 1916, No. 336, dismissing exceptions to auditor's report in case of Henry Finn v. W. J. Mellon et al. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to report of F. G. Moorehead, Esq., auditor appointed to distribute the proceeds of sheriff's sale of real estate.

The auditor reported, inter alia, as follows:

The sheriff's return was presented and the two liens in question, being as follows:

Tax Lien No. 94, March Term, 1916, being that of the Borough of Monaca v. Hiram Hicks, filed December 31, 1915, for borough tax for the years 1912, 1913 and 1914, totaling $91.27.

Also Tax Lien No. 95, March Term, 1916, being that of the School District of the Borough of Monaca v. Hiram

Hicks, which tax lien was filed December 31, 1915, for school taxes for the years 1912, 1913 and 1914, amounting to $82.85.

Both liens covering what was admittedly the same premises covered by the mortgage and land sold by the sheriff under the above levari facias at No. 54, December Term, 1916.

The exceptants claim, that under the Act of April 20, 1846, it was the duty of the sheriff to require the purchase-price to be paid in, at least to the extent of covering the tax liens and costs, and that the receipt of the plaintiff in the judgment could not be taken and the deed properly delivered without such amount being paid in, and that in case the auditor should so find and the court should confirm the report, the sale would go down, unless the amount was paid in by the purchaser of the property, who was also the plaintiff in the writ.

The plaintiff in the writ admits that the said amount if finally found to be due the claimants, will have to be paid in by the purchaser of the property or the sale will be invalid, so that we have no dispute as to the remedy, if it shall be found finally that the amount of the liens should have been paid in.

The question presented may be narrowed then to whether or not the Act of 1901, P. L. 364, was entirely repealed by the Acts of May 21, 1913, P. L. 285, and the Act of June 1, 1915, P. L. 660.

The Act of 1913, P. L. 285, does not include the return of school taxes. The Act of 1913, P. L. 660, amends that act by adding school taxes to the list of taxes to be returned to the commissioners of the county on or before the first day of February, succeeding the day when the taxes were assessed.

The opinion of Judge KEPHART of the Superior Court, reported in Bradford County v. Beardsley, 60 Pa. Superior Ct. 478, is relied upon by the plaintiff in the writ. It may be pointed out that that was a case where the scire facias had been issued upon a tax lien and an affidavit of

defense filed, in which the question had been raised as to procedure.

From a fair reading of this opinion the auditor believes the court had in mind only the procedure for the collection of taxes and did not mean to pass upon the validity or propriety of the filing of the tax liens under the Act of 1901.

＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊

The auditor is, therefore, of the opinion that the Act of 1901, P. L. 364, was not repealed by the Act of May 21, 1913, P. L. 285, or the Act of June 1, 1915, P. L. 660. In so far as the act relates to the filing of liens but only in regard to the method of procedure; and that where a judgment has been obtained, prior to the passage of the Acts of 1913 and 1915, the plaintiff could proceed without regard to the Acts of 1913 and 1915, but that where liens only have been filed and not reduced to judgment, it would be too late to proceed under the Act of 1901, and it might, in some cases, be too late to return the same to the commissioners.

In all cases, however, where tax liens are certified to the sheriff, which have been properly filed under the Act of 1901, without regard to whether or not they had been reduced to judgment, or whether it is too late for them to be returned to the commissioners, they are in the opinion of your auditor, liens upon the real estate which, when divested by the sale of the same would attach to the fund and be entitled to be paid in the distribution.

It is therefore, the opinion of the auditor that the sheriff should immediately collect from the plaintiff in the writ a sum sufficient to cover the tax liens and costs, ignored in the distribution, and in addition thereto a sum sufficient to cover the costs of this audit.

*Error assigned* was in dismissing exceptions to auditor's report.

*James L. Hogan,* for appellant, cited: Hickory Tree Road, 43 Pa. 139; Com. v. Robb, 14 Pa. Superior Ct.

7, (1919).]       Arguments—Opinion of the Court.

597; Com. v. Mortgage Trust Co. of Penna., 227 Pa. 163; Cohen's App., 10 W. N. C. 230; Pottsville Lumber Co. v. Wells, 157 Pa. 5.

*Richard Holt,* of *Holt, Holt & Richardson,* for appellee, cited: Bradford County v. Beardsley, 60 Pa. Superior Ct. 478.

OPINION BY KEPHART, J., January 3, 1919:

Prior to the passage of the Act of 1901, the Act of April 29, 1844, P. L. 501, Sec. 41, furnished a complete procedure to collect delinquent taxes on seated lands when it was necessary to sell the lands for that purpose. The Act of 1901, P. L. 364, provides when liens shall be allowed for taxes, the method for preserving such liens, the procedure upon claims filed therefor, and for enforcing payment of such claims, etc. Section 2 provides that all taxes lawfully imposed or assessed on any property shall be and they are thereby declared to be a first lien on that property, together with all charges, expenses and fees added thereto for failure to pay promptly. Such liens shall be prior to and fully paid and satisfied out of the proceeds of any judicial sale of the property before any other obligation, judgment, lien or estate with which the property may be charged. A claim for taxes was to be filed in the prothonotary's office and a scire facias was to issue to reduce it to judgment. This act was followed by the Act of May 21, 1913, P. L. 285, "for the return of taxes on seated lands and providing for the sale of such lands for taxes." We held this act repealed so much of the Act of 1901 that in any way related to the procedure for the collection of the claims for taxes. "The Act of 1913 furnishes practically the same system that was in existence prior to the Act of 1901......that act would be inconsistent with the provisions contained in the Act of 1913 and the latter, therefore, must effect a complete repeal of the Act of 1901 in so far as it relates to the question of procedure in enforcing collection

of delinquent taxes": Bradford County v. Beardsley, 60
Pa. Superior Ct. 478-482. The Act of 1913 reads: "The
return of taxes assessed......against seated lands......
shall be made whenever personal property cannot be
found thereon sufficient to pay such taxes, in the same
manner and at the same time that return is now made
for unpaid county taxes on unseated lands, and when-
ever any such taxes,......shall not be paid within two
years after the day of the assessment thereof such seated
lands......shall be advertised and sold by the proper
county treasurer at the time and in the same manner
and under the same conditions and with the same effect
as unseated lands are now sold by such treasurer." This
clearly comprehended all steps in relation to the collec-
tion and the enforcement of a claim for taxes. It left
nothing of the Act of 1901 with respect to the remedy
there provided and the contention that the right to file
the claim in the prothonotary's office, though it is im-
possible to secure a judgment on such claim, or to issue
a scire facias on it, is untenable. If such claim could be
filed it would be without limitation as a subsisting lien
or without means of enforcement. This only serves to
emphasize the conclusion that the Act of 1913 effected a
complete repeal of the Act of 1901 in the provisions men-
tioned. Filing a tax claim in the prothonotary's office
under the Act of 1901 is without authority of law.

It is urged that the Act of May 28, 1915, P. L. 599,
recognizes the right of the municipality to file claim for
taxes in the prothonotary's office. This act did not, in
any manner, reënact any of the provisions of the Act of
1901 that were repealed by the Act of 1913, later amend-
ed by the Act of June 1, 1915, P. L. 660. The amending
act as a whole was not intended to reach the question of
tax liens as such, but it is evident that it was intended to
correct certain features of the Act of 1901 in so far as
it relates to municipal claims. The reference in Sec. 4
of the Act of 1915 does not undertake to declare that
claims may be filed nor the effect of such filing, but

merely states that where such claims for taxes have been filed against separate or distinct properties in one amount covering all the properties, the authorities may accept the tax, according to the tax rate and assessed valuation, against any of the pieces of property and thus discharge the lien against such property. It merely declares what may be done as to the many thousands of claims filed prior to the passage of the Act of 1913. Upon consideration of all the acts submitted, we find nothing to support the view that the legislature intended authority be given county treasurers to sell land for taxes, and for the same taxes like authority be given to the sheriff; or that when one procedure was adopted for such sale, it preserved the procedure of the other act. The amending Act of 1915 further would be incomplete and worthless as it provides no remedy for the enforcement of the claim. As the Supreme Court considered the Act of 1901 as being a comprehensive remedy for the enforcement of the collection of taxes, the remedy provided in the Act of 1844 was not an additional remedy for their collection, but in conflict with the remedy contained in the Act of 1901. So it held the Act of 1844, as it related to seated lands, repealed. For like reason, when the Act of 1913, as amended by the Act of 1915, was passed, the Act of 1901, as it related to the questions now under discussion, was repealed, and the procedure under the Act of 1844 reinstated. The remedy provided by the Act of 1844, reëstablished by the Acts of 1913 and 1915, is in conflict with the procedure contained in the Act of 1901. But there is nothing in the Act of 1913 that would disturb the second section of the Act of 1901, making taxes a lien against the land assessed. Prior to the Act of 1901, taxes were not liens on seated lands. It was held that there could be no participation in the proceeds of a sheriff's sale because taxes were not a lien on seated lands: Cohen's App., 10 W. N. C. 230; Pottsville Lumber Co. v. Wells, 157 Pa. 5. This question is again presented under Sec. 2 of the Act of 1901. If, after a part of this act

respecting procedure for collection has been repealed, there was no remedy to enforce the lien thus created, it is questionable whether taxes could be considered liens. Section 2 was all that was left of the Act of 1901, concerning taxes, after the Acts of 1913 and 1915 were enacted. This section specifically gave a lien. If there was no remedy provided for its enforcement, the lien therein contemplated would be worthless. As stated in Burd v. Ramsay, 9 S. & R. 109: "If the legislature had intended to create a lien, they should have provided some direct means of enforcing it, and the inference from want of such a provision is irresistible. It is altogether incredible that they would have trusted to the uncertain and improbable event of the land being, at some period, sold by the sheriff, and of the purchase-money being brought into court for distribution; in which case only the lien would be availing. A lien without retention of possession, or any other means of rendering it productive, is altogether so worthless, as to preclude all idea of its having ever been in the contemplation of anyone." It was there held that there being no authority to sell the land for taxes, there was no way of enforcing the lien and it would, therefore, be worthless. The Act of 1913 furnishes an effective remedy to enforce the claim, and whether the lien expressed in section 2 should be limited to the duration of the remedy contained in the Act of 1913 or to some other act of assembly, does not concern us in the adjudication of the present case. It is admitted the taxes in the claims here filed were duly assessed and under section 2 they were liens to be paid out of the proceeds realized from a judicial sale of the property charged, at least to be so paid within the time prescribed by the Act of 1913. There is no question raised as to the time of assessment or the validity of the claims from the standpoint of the duration of the lien, but the appellant challenges the total amount of the liens, part of each being admittedly good.

The decree of the court below is affirmed.