### State Bank of Renovo, etc., v. Haffley

*M. E. Haggerty*, for exceptant; *F. C. Grose*, contra.

BAIRD, P. J., August 2, 1933.—On January 20, 1933, by virtue of a writ of fi. fa. issued on the above-entitled judgment a sheriff's sale was had of certain real estate of the defendant situate in the Borough of Renovo. The said real estate was sold to the use-plaintiff, William D. Gordon, Secretary of Banking, etc., for the sum of $1,200, of which sum the sheriff filed the following schedule of distribution:

| | |
|---|---|
| To costs of writ and sale.............................. | $ 97.91 |
| To Hazel McGuire (taxes)............................ | 611.35 |
| To William D. Gordon, Secretary of Banking........... | 490.74 |
| | $1,200.00 |

On December 31, 1932, Hazel E. McGuire, Tax Collector of the Borough of Renovo, filed in the office of the prothonotary a tax claim or lien against the same property so sold by the sheriff, for the unpaid taxes alleged to be due the Borough of Renovo, the School District of the Borough of Renovo, and the County of Clinton, for the years 1929 and 1932, as per the following statement of claim:

| | |
|---|---|
| "1932, tax for $161.56, penalty $1.32, total.............. | $162.88 |
| 1929, tax for $427.11, penalty $21.36, total.............. | $448.47 |
| Total claim ..................................... | $611.35" |

The use-plaintiff, William D. Gordon, Secretary of Banking, has filed exceptions to the sheriff's return of distribution, only the second and third of which require notice, the so-called first exception being simply a statement of exceptant's interest which is not in dispute, and the fourth and last having been waived "for the purpose of this proceeding."

The second and third exceptions follow:

"2. Exceptant avers that said Hazel E. McGuire, Tax Collector, included in her tax lien filed in the Court of Common Pleas of Clinton County, Pa., to No. 4, January Term, 1933, taxes for the year 1926 in the sum of $37.19, for the year 1927 in the sum of $210.68, and for the year 1928 in the sum of $200.60, total $448.47; setting forth in said lien that said aggregate sum of $448.47 was taxes and penalty for the year 1929, while exceptant is informed that the 1929, 1930, and 1931 taxes against said real estate have been fully paid.

"3. Exceptant avers that the inclusion in said lien filed December 31, 1932, and the return by the sheriff of taxes for the years 1926, 1927, and 1928, is in violation of the terms of the Act of May 16, 1923, P. L. 207, as amended by the Acts of May 4, 1927, P. L. 729, and May 4, 1927, P. L. 733, 53 PS § 2029; and that there is no authority whatever for the inclusion of any of said taxes in a lien filed in 1932."

Use-plaintiff in his brief concedes that, contrary to the statement of fact in his exception no. 2, taxes are due for 1929 to the amount of $216.98, and no question is raised as to the sufficiency of the claim for that year's taxes in that amount, or for the 1932 taxes as claimed; or rather any such question as may have been raised has been abandoned.

This tax claim was filed under the provisions of the Act of May 16, 1923, P. L. 207, as amended, which is the governing statute.

Section 9 of that act, as amended by the Act of May 4, 1927, P. L. 729, and the Act of May 4, 1927, P. L. 733, requires, inter alia, that claims for taxes, water rents or rates, lighting rates, power rates, and sewer rates must be filed in the court of common pleas of the county in which the property is situated on or before the last day of the third calendar year after that in which the taxes or rates are first payable; and section 15 provides, inter alia, that if a claim be not filed within the time aforesaid its lien on real estate shall be wholly lost.

Counsel for the tax collector concedes that the figures in the statement of claim for the taxes of 1929 include unpaid taxes for 1926, 1927, and 1928, but argues that under section 2 of the act of 1923, supra, all unpaid taxes that have been legally assessed against a property are to be paid out of the proceeds of a judicial sale thereof, whether or not a lien has been filed in the court of common pleas.

Section 2 provides as follows:

"All taxes which may hereafter be lawfully imposed or assessed on any property in this Commonwealth, and all taxes heretofore lawfully imposed or assessed by any municipality on any property in this Commonwealth for the years one thousand nine hundred and twenty-one, one thousand nine hundred and twenty-two, and one thousand nine hundred and twenty-three, in the manner and to the extent hereinafter set forth, shall be and they are hereby declared to be a first lien on said property, together with all charges, expenses, and fees added thereto for failure to pay promptly; and such liens shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation, judgment, claim, lien, or estate with which the said property may become charged or for which it may become liable, save and except only the costs of the sale and of the writ upon which it is made."

In all material respects section 2 of the Act of June 4, 1901, P. L. 364, is identical with the second section of the Act of 1923, supra, and section 10 of the Act of 1901, supra, as amended by the Act of April 27, 1909, P. L. 194, and June 20, 1911, P. L. 1076, contains provisions identical with the provisions of sections 9 and 15 of the Act of 1923, to which we have hereinbefore referred, requiring that a claim for taxes and certain rates must be filed in the court of common pleas on or before the last day of the third calendar year after that in which the taxes and rates are first payable, and that if a claim be not filed within the time aforesaid it shall be wholly lost. Under section 10 of the original Act of 1901, supra, the requirement was that claims for taxes, etc., must be filed on or before the last day of the second calendar year after that in which the taxes or rates were first payable. The decisions under the Act of 1901 are therefore applicable to the present controversy.

Under the Act of 1901 and its amendments, there are two common pleas cases (Nevling v. Carley, 15 Dist. R. 151, and Miller v. Clawson, 28 Dist R. 203) containing expressions which, standing alone, would tend to support the collector's argument; but upon examination of those cases we find that at the times of the sheriff's sales therein referred to the allotted period for the filing of claims had not expired. Both the Act of 1901, as amended, and the Act of 1923 allow more than 3 years in which to file a claim for taxes, and it follows that during that time the taxes continue to be a lien although no claim is filed in court, but at the expiration of the time fixed if a claim has not been filed the lien ceases, or, in the words of the statute, is "wholly lost".

Section 3 of the Act of 1923, making municipal claims a first lien, except costs and taxes, corresponds with section 3 of the Act of 1901, and there are provisions in both acts, requiring the issuance of a sci. fa. to enforce and preserve the liens of municipal claims filed, similar to those requiring the issuance of such a writ to enforce and preserve the lien of tax claims filed. There are numerous common pleas cases holding that if claims of either sort are not filed, or not prosecuted in the manner and within the time prescribed, they are lost and cannot be collected. See Armstrong, for use, v. Wolcott, 26 Dist R. 899, Yorks v. James et al., 50 Pa. C. C. 306, City of Philadelphia et al. v. Hillier et al., 11 D. & C. 166, and Nevling v. Carley, 15 Dist. R. 151. In Borough of Youngwood v. Gay, 71 Pa. Superior Ct. 154, it was held that where a municipality has not filed its claim within the time prescribed in the Act of June 4, 1901, P. L. 364, as amended by the Act of June 20, 1911, P. L. 1076, such claim is wholly lost. In City of Pittsburgh v. Brosman, 79 Pitts. 258, claims for taxes, for which liens had not been filed of record within 3 years following the year of their assessment, were excluded from distribution of the proceeds of a sheriff's sale, and it was held that failure to file a lien within 3 years divests the lien absolutely.

Under section 2 of the Act of 1923, taxes are only a lien "in the manner and to the extent . . . [thereinafter] set forth", and the extent of their lien depends upon compliance with the requirements of the act relating to filing of claims, and enforcement and preservation thereof, within the times and in the manner specified in subsequent sections of the act.

The provisions of section 31 of the Act of 1923 that "on any such [judicial] sale being made all tax claims shall be paid out of the proceeds thereof: first, the oldest tax having priority; and municipal claims shall be paid next, the oldest in point of lien having priority", do not dispense with the filing of a claim for taxes. In section 1, the words "tax claim" are defined as "the claim filed to recover taxes." No claim was filed for the taxes of 1926, 1927, and 1928

as such, and, even though the figures for 1929 in the statement of claim filed do include parts of the taxes for those prior years, still the claim, so far as it included taxes for any year prior to 1929, must be disallowed because not filed in time. The taxes for 1926, 1927, and 1928, although the oldest unpaid taxes, are without any right to priority of payment because no claim was filed therefor on or before the last day of the third calendar year after that in which they first became payable.

The contention of counsel for the collector, as stated by him in his brief, "that while the lien on real estate would be lost, and consequently taxes would be lost, where said real estate would be sold at private sale, the act cannot be construed to have the municipality not receive taxes due on real estate from proceeds of said real estate when sold at a judicial sale", is not supported by anything in the act itself, which repeals all inconsistent acts and furnishes (section 41) "a complete and exclusive system in itself, so far as relates to tax and municipal claims, except as . . . [thereinbefore] set forth." There is no such exception as that embraced in this proposition, nor is it sustained by any of the cases cited in support thereof. Nothing in Finn v. Mellon, 71 Pa. Superior Ct. 7, touches the question here involved. The question in that case was whether the Act of May 21, 1913, P. L. 285, relating to the "return of taxes on seated lands . . . and providing for the sale of such lands", repealed so much of the Act of June 4, 1901, P. L. 364, as in any way related to the procedure for the collection of claims for taxes. The Superior Court decided that it did, and that there was nothing in any of the acts in force at that time to support the view that the legislature intended authority be given county treasurers to sell land for taxes and at the same time like authority be given the sheriff, or that when one procedure was adopted for such sale it preserved the procedure under the other act. In that case no question was raised as to the time of assessment or the validity of the claims from the standpoint of the duration of the lien, but the exceptant challenged the total amount of the liens, part of each being admittedly good.

As we understand the proposition of counsel for the collector, it is that unpaid taxes are entitled to priority of payment out of the proceeds of a judicial sale of real estate at any time, however remote the sale may be from the date of the assessment, and this without regard to whether a claim shall have been filed or not. With this contention we cannot agree. The lien created by the act is a lien on the real estate, and it is only during the existence of the lien, and by virture thereof, that taxes are payable out of the proceeds of a judicial sale. When the lien ceases, the right to payment is lost.

The clear intent of the legislature in the Act of June 4, 1901, P. L. 364, was that the legal incident of lien was to attach to municipal claims for taxes, water rates, lighting rates, and the like, and if, within the term limited, there should be filed of record the formal statutory declaration of this claim in detail, the lien would be preserved and relate back to the time when the rates were lawfully assessed or imposed: Franklin Guards Assn. v. Boyer, 70 Pa. Superior Ct. 263; Township of Lower Merion v. Manning et al., 95 Pa. Superior Ct. 322. The language being the same, the legislative intent in the Act of May 16, 1923, P. L. 207, must be the same as in the said Act of 1901, and the clear inference to be drawn from these decisions of the Superior Court is that if a claim be not filed within the time limited, the lien would not be preserved, and hence the claim would not be entitled to payment out of the proceeds of a judicial sale.

It is not in dispute that of the sum of $448.47, claimed for the unpaid taxes of 1929, the actual amount due for that year is only $216.98, and that the balance is made up of unpaid taxes for the years 1926, 1927, and 1928.

Now, August 2, 1933, the use-plaintiff's third exception is sustained, and the sheriff is directed to amend his schedule of distribution so as to read as follows:

| | |
|---|---|
| Costs on writ and sale | $97.91 |
| Hazel McGuire, taxes for the year 1929 | 216.98 |
| Hazel McGuire, taxes for the year 1932 | 162.88 |
| Hazel McGuire, costs on tax lien | 2.00 |
| William D. Gordon, Secretary of Banking | 720.23 |
| | $1,200.00 |

From W. E. Shaffer, Lock Haven, Pa.