## Middlesex Township v. Wetzel et al.

*Jacob M. Goodyear*, for plaintiff.
*C. A. Shambaugh*, for defendants.

REESE, P. J., June 6, 1938.—The records in these cases reveal that David J. Wetzel was the owner of a farm in Middlesex Township. He failed to pay road taxes as-

sessed by the township for the years 1931-35, both inclusive, and also failed to pay school taxes assessed by the Middlesex Township School District for the years 1931, 1933, 1934, and 1935. On January 24, 1938, Wetzel having died, his heirs sold and conveyed the farm to Laura L. Brown.

On March 14, 1938, Middlesex Township "by its tax collector, H. R. Gutshall", filed its claim for the school and road taxes assessed for the years 1931 and 1933 and for the road taxes assessed for the year 1932. On March 19, 1938, Middlesex Township "by its tax collector, B. W. Brymesser", filed its claim for the school and road taxes assessed for the years 1934 and 1935.

On April 12, 1938, upon the petitions of the present owner, Mrs. Laura L. Brown, the court granted rules to show cause why the tax liens should not be stricken off. In each instance an answer to the rule was filed by the tax collector.

There are two methods by which tax liens may be preserved against real estate. One method, not followed in the cases now before us, is provided by the Act of May 29, 1931, P. L. 280, as amended by the Act of May 22, 1933, P. L. 940, whereby the tax collector makes return to the county commissioners of all unpaid taxes assessed and levied on seated lands before the first Monday of May in the year following that in which the taxes were assessed and levied. Such returns are docketed and then certified to the county treasurer, and "such tax so returned and filed and entered upon said docket shall remain a lien upon said property", provided subsequent provisions are complied with.

The other method, which was attempted herein, is provided by the Act of May 16, 1923, P. L. 207, as amended by the Acts of May 4, 1927, P. L. 729, May 4, 1927, P. L. 733, April 16, 1929, P. L. 526, June 2, 1937, P. L. 1212, and July 1, 1937, P. L. 2609.

It is first urged that the liens must be stricken off because there was no compliance with section 8 of the Act of 1923, supra, which provides:

"Where claims are to be filed to use, the claimant, at least one month before the claim is filed, shall serve a written notice of his intention to file it unless the amount due is paid."

The only person who can file as a use-plaintiff under this act is a contractor performing work for a municipality who is to be paid by assessment bills. Hence, under section 8, a notice of intention to file a claim is required only when the claim is filed to the use of such a person. It follows that section 8 does not apply to the present cases.

It is also contended that the claims filed in the cases before us are defective because they were not "accompanied by an affidavit that the facts therein set forth are true to the best of his knowledge, information, and belief", as required by section 10 of the Act of 1923. But such affidavit is required only "in the case of a use-plaintiff", and hence section 10, for the reasons stated in connection with section 8, does not apply to the present cases.

Finally, it is urged that the claims for taxes were filed too late to preserve the lien of the taxes except those for the year 1935. Section 9 of the Act of 1923, and its amendments, provides:

"Claims for taxes . . . must be filed in the court of common pleas of the county in which the property is situated on or before the last day of the third calendar year after that in which the taxes . . . are first payable". Section 15 of the Act of 1923 provides: "If a claim be not filed within the time aforesaid . . . its lien on real estate shall be wholly lost."

It follows that the last day for filing a claim for 1934 taxes was December 31, 1937. Clearly the claims for taxes for 1931, 1932, 1933, and 1934 were filed too late and the lien therefor is wholly lost.

Construing similar provisions of the Act of April 27, 1909, P. L. 194, the court, in Armstrong, to use, v. Wolcott, 26 Dist. R. 899, said that liens for taxes are wholly lost unless the claims are filed in the court of common

pleas on or before the last day of the third calendar year after that in which the taxes were respectively payable. Failure to file the claim within the time fixed by the statute divests the lien absolutely: City of Pittsburgh v. Brosman, 79 Pitts. 258; State Bank of Renovo, etc., v. Haffley, 47 York 193.

"By the same statute and its supplements a time limit was fixed within which the municipality was required to file of record a formal statement of its claim. Otherwise, it would lose the lien": Township of Lower Merion v. Manning et al., 95 Pa. Superior Ct. 322, 326; Franklin Guards Assn. v. Boyer, 70 Pa. Superior Ct. 263, 266.

"Taxes and tax liens are of statutory origin, hence in providing for the filing of liens the legislature may declare, not only the time within which and the place where a public record shall be made of the fact of nonpayment, and the duration of the lien, but may also prescribe the course to be pursued to preserve the lien and enforce payment. . . . Having specified in unambiguous language, the time within which such liens must be filed, how long they shall continue, and how they may be kept alive; it is not in the power of the court to add to, take from, or nullify, the statutory requirements": McKees Rocks School Dist. v. Reid et al., 48 Pa. C. C. 454, 457.

But it is contended that the provisions of section 9 of the Act of 1923 have been "tolled" by an agreement between Mrs. Brown, as mortgagee of the premises and later as owner, and the respective tax collectors to the effect that she would pay the taxes if no lien was filed. No authority for this novel proposition is cited nor could we find any. The time limit within which a claim for taxes must be filed to preserve the lien is not a statute of limitations running in favor of the owner of the property. The filing of the claim before the expiration of the time limit is required by statute as a condition precedent to the preservation of the tax lien and cannot be altered or nullified by any acknowledgment or agreement by the owner of the property.

It follows from the foregoing that the liens for taxes for the years 1931-34, both inclusive, must be stricken off. There are other reasons which require us to strike off these liens as well as the lien for the taxes for 1935.

Section 4 of the Act of 1923 provides: "The lien for taxes shall exist in favor of, and the claim therefor may be filed against the property taxed by, any municipality to which the tax is payable." The word "municipality", as used in the act, means any county, borough, school district, city, township, incorporated town, or poor district: Section 1 of the Act of 1923. It follows that the claim for taxes must be filed by the municipality to which the tax is payable rather than by the tax collector: Semanczyk v. Moran, 25 D. & C. 697. It is doubtful who the claimant is in the present cases. The captions indicate the tax collectors are the claimants. The answers were filed by the tax collectors describing themselves as plaintiffs. On the other hand, the claims aver that Middlesex Township is the claimant. If that is so, the township cannot claim school taxes, for they are payable to Middlesex Township School District.

Finally, each claim was signed by the respective tax collector. This is not in compliance with section 10 of the Act of 1923 and its amendments, which provides: "Said claim must be signed by the solicitor or chief executive officer of the claimant". The tax collectors had no authority to file or sign the claims: Semanczyk v. Moran, supra.

It follows that the liens in their entirety must be stricken off. It is proper to point out, however, that the proper municipalities (the township and school district) may yet, before December 31, 1938, file claims, signed by their respective solicitors or chief executive officers, for the road and school taxes of 1935. Such taxes are liens until that date and the liens will be preserved if before that date proper claims are filed. Under the amendment of section 9 of the Act of 1923 by the Act of July 1, 1937, P. L. 2609, the taxes due and payable to two or more

530

municipalities whose taxes are collected by the same tax collector may be filed in the same claim.

And now, June 6, 1938, in tax lien no. 3212, the claim for taxes and the lien thereof are hereby stricken off, costs to be paid by claimant.

And now, June 6, 1938, in tax lien no. 3213, the claim for taxes and the lien thereof are hereby stricken off, costs to be paid by claimant.